IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff, : | |
| : | CRIMINAL ACTION NO. |
| v. : | 1:13-CR-0432-WBH |
| : | |
| VERNON SPEAR : | |
|     Defendant. : | |

## **ORDER**

This matter is again before the Court for consideration of a Report and Recommendation (R&R), [Doc. 118], in which the Magistrate Judge recommends that this Court rule that Defendant is competent to stand trial. Defendant has filed his objections, [Doc. 123], and this Court has performed a *de novo* review of the record in light of those objections.

Defendant has been diagnosed as a schizophrenic with borderline intellectual functioning. His schizophrenia is generally under control, but there is a concern regarding whether Defendant understands the criminal proceedings against him and can assist in his defense. In November, 2015, after the first competency hearing, this Court concluded that Defendant was incompetent to stand trial, and the Government sent him to a federal medical prison for several months where officials put him through a "competency restoration" program. After his return, the Magistrate Judge

AO 72A
(Rev.8/82)

held a new hearing at which witnesses for the Government testified that he was competent and Defendant's witnesses testified that he was not.

To be competent to stand trial, a criminal defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . as well as [a rational and] factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). Defendant does not dispute – and the record clearly demonstrates – that he has a rational and factual understanding of the proceedings against him. The question is whether he is able to consult with his counsel and assist with his defense.

At the second competency hearing, the Government's witness, a psychologist at the federal medical prison, pointed out that Defendant exhibited a complete understanding of the court system and the charges against him. Indeed, he was one of the ablest participants in the competency restoration sessions. She noted no indication of schizophrenia, and, despite his borderline intelligence, he communicated effectively with her and with prison staff. In her judgment, Defendant is competent.

According to Defendant's witnesses, Defendant perseverates, which generally refers to engaging in the same behavior, over and over, long past the point at which he should rationally stop. Defendant manifests this behavior by being fixated on certain aspects of his case. For example, he believes that a police witness' suppression

hearing testimony was contrary to information in the police report. Defendant further believes that by testifying contrary to the police report, the police witness violated his constitutional rights. Defendant also points out that the police report contains certain geographical errors. For these reasons, Defendant firmly believes that he will prevail at trial. None of the discrepancies that Defendant has identified are material, however, and Defendant's witnesses assert that Defendant is overly obsessed with these beliefs to the degree that his counsel cannot have a rational conversation with him about his case. They thus posit that Defendant cannot assist in his defense.

After an exhaustive review of the record and discussion of the legal issues, the Magistrate Judge determined that the Government's expert witnesses gave more credible testimony and concluded that, while Defendant may have some cognitive limitations, he is nonetheless able to communicate with his counsel at a sufficient level.

In reviewing the transcript of the second competency hearing, it is clear that Defendant presents as a generally rational individual with an intelligence and grasp of his criminal proceeding that is more than minimally adequate. As to his perseveration, this Court is not convinced that Defendant's irrational beliefs render him without the present ability to consult with his lawyer with a reasonable degree of rational understanding. This Court credits the Magistrate Judge's conclusion that

Defendant's obsessive and possibly ridiculous belief that he will be exonerated does not render him incompetent. [Doc. 118 at 13-14 (citing <u>United States v. James</u>, 328 F.3d 953, 955 (7th Cir.2003), for the proposition that "[m]any litigants articulate beliefs that have no legal support" and collecting examples of strange behavior that was not necessarily indicative of incompetence)].  This Court interprets that prong of the test to mean that counsel can have a conversation with Defendant where Defendant understands what is being said to him and can respond appropriately *if he chooses.*

Accordingly, this Court **ADOPTS** the R&R, [Doc. 118], as its order and finds that Defendant is competent to stand trial.

**IT IS SO ORDERED,** this 22nd day of February, 2017.

_____
WILLIS B. HUNT, JR.
Judge, U. S. District Court

AO 72A
(Rev.8/82)