IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL CASE NO. |
| VERNON ROMEO SPEAR | : 1:13-CR-00432-MHC-JSA |

## REPORT AND RECOMMENDATION OF INCOMPETENCY TO STAND TRIAL

The Defendant, who suffers from paranoid schizophrenia, borderline intellectual functioning and other potential disorders, has been subjected to a lengthy history of competency and restoration proceedings. After having been found incompetent to stand trial by order of U.S. District Judge Willis B. Hunt on November 2, 2015 [81], the Defendant was found to have been successfully restored to competency on February 22, 2017 [124], by order of Judge Hunt adopting the recommendation of the undersigned.

Defense counsel, however, filed a second Motion to Determine Competency [126] on April 12, 2017, alleging circumstances that suggested a potential deterioration of Defendant's condition. The Court granted the request for a new evaluation and ordered that Defendant be committed to the custody of the Attorney General for evaluation in a suitable facility [146]. Defendant was thereafter transported to the Metropolitan Correctional Facility in New York City, where Bureau of Prisons Forensic Psychologist Samantha E. DiMisa, Ph.D. evaluated his

competency. Dr. DiMisa prepared a detailed report presenting her analysis and conclusions, dated January 9, 2018.

The Court held a competency hearing on March 6, 2018. The parties indicated that they had received and reviewed Dr. DiMisa's report, stipulated to the contents of that report, and waived cross-examination of Dr. DiMisa, for purposes of the competency hearing. Thus, the Court accepts Dr. DiMisa's report and adopts the contents therein as its factual findings. Based on her detailed analysis, Dr. DiMisa concludes that:

> 1. Regarding the issue of Mental Disease or Defect, Mr. Spear currently meets criteria for a Mental Disease under the law, that being, Schizophrenia, Multiple Episodes, Currently in Partial Remission, Continuous and additionally meets criteria for a Mental Defect under the law, that being Borderline Intellectual Functioning.
>
> 2. Regarding the issue of Competency to Stand Trial, it is the opinion of this evaluator Mr. Spear does currently possess a factual, but not a rational understanding, of the proceedings against him, does not have the capacity to assist legal counsel in his defense, and cannot adequately make decisions regarding his legal strategy.
>
> 3. If in the wisdom of the Court, Mr. Spear is determined Not Competent to Stand Trial, it is recommended he be held committed for a period of restoration to competency, pursuant to Title 18, U.S.C., § 4241(d).

DiMisa Report at 38-39. The parties agreed to these conclusions, and the Court adopts them for purposes of its competency determination.

On this basis, the Court **RECOMMENDS** that Defendant's Motion to

Determine Competency [126] be **GRANTED**. It is further **RECOMMENDED** that Defendant be found **NOT COMPETENT TO STAND TRIAL,** that he be committed to the custody of the Attorney General for hospitalization in a suitable facility pursuant to 18 U.S.C. § 4241(d) for a period of restoration of competency, and that the undersigned be directed to hold a hearing no later than four months from the issuance of the District Court's Order to determine "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," § 4241(d)(1), and to recommend the appropriate disposition for Defendant.

The Court also **RECOMMENDS** that Defendants' Pro Se Motion For Ineffective Assistance [153] be **DENIED** without prejudice. This motion is incomprehensible. To the extent Defendant is concerned with his counsel's efforts to ensure that Defendant's competency is properly determined, such a concern is clearly meritless, as such efforts if anything reflect counsel's continued effective representation of Defendant rather than the opposite.

**IT IS SO RECOMMENDED** this 6th day of March, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE