IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL CASE NO. |
| VERNON ROMEO SPEAR | : 1:13-CR-00432-MHC-JSA |

### REPORT AND RECOMMENDATION OF INCOMPETENCY TO STAND TRIAL

The Defendant, who suffers from paranoid schizophrenia, borderline intellectual functioning and other potential disorders, has been subjected to a lengthy history of competency and restoration proceedings. Most recently, the Defendant was found incompetent to stand trial by order of U.S. District Judge Mark H. Cohen on March 28, 2018, and was committed to further hospitalization for purposes of assessing whether he could be restored to competency. *See* Order [159]. That assessment has been completed by mental health professionals at the Federal Medical Center in Butner, North Carolina and, after some continuances, the undersigned presided over a hearing on February 14, 2019.

At the hearing, the parties stipulated to the report signed on January 14, 2019 by Alison Sharf, M.S. and Forensic Psychologist Kristina P. Lloyd, Psy.D. and agreed to the admission of the report into evidence as the testimony of those professionals in the case without questioning. The Defendant also testified.

The report provided a detailed explanation of the examiners' procedures,

analyses and conclusions, and ultimately concluded, in relevant part:

> Although the determination of Mr. Spears' competency is ultimately a decision for the Court, it is the opinion of the undersigned that Mr. Spear is currently suffering from a mental disease and defect, namely schizophrenia and borderline intellectual functioning, which interferes with his competency to stand trial. As such, it is the opinion of the undersigned that Mr. Spear is not presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. With consistent medication compliance, Mr. Spear's psychotic symptoms are currently in partial remission; yet the remaining symptoms, in combination with his borderline intellectual functioning, interfere with his competency-related abilities. Given prolonged medication compliance, it is likely such symptoms will not improve over time. Some residual symptoms are not uncommon among individuals with longstanding, chronic psychotic disorder. As such, it is unlikely he will be restored to competency in the future.

Report (Ex. 1) at 10-11.

Defendant testified at the hearing that he wished to go to trial and that he would be able to show that the testifying officers in the case would be lying about his guilt. The Report, however, discussed the Defendant's inability to think rationally about and understand the factual and legal issues in his case. *Id.* at 10. The Report specifically agreed with the findings of prior evaluators that the Defendant was "tangentially perserverative on specific details of his case that he believed would ultimately exonerate him or prove his counsel was ineffective." *Id.* The Report concluded, essentially, that the Defendant's rigid fixation with and irrational extrapolation as to meaning of certain minor details was indicative of his inability to rationally understand his legal circumstances and effectively assist his

attorney.

## **DISCUSSION**

Section 4241 authorizes the hospitalization and treatment of a defendant who has been determined to be not competent, to determine whether there is a substantial probability that the defendant will attain the capacity to permit the proceedings to go forward.  If at the end of the period of hospitalization it is determined that the defendant's mental condition has not so improved to permit proceedings to go forward, then the defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.  18 U.S.C. § 4241(d).

Section 4246(a) specifically provides:

> If the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4246(a).

The Defendant in this case clearly believes that he is competent and wishes to go to trial, at which he is certain he will be exonerated. As the procedural history of this case shows, the undersigned and the initial examiners back in 2014 did not originally conclude that Defendant was incompetent.[1] After the first finding of incompetency, the undersigned found that the Defendant's competency had been restored.

But it appears that either the Defendant's condition has gotten worse or that the undersigned and/or the initial examiners did not comprehend the severity. In any event, the current undisputed medical opinion testimony, and the views of both Government and defense counsel, are in favor of a finding of incompetency without likelihood of restoration. The Court finds no reason to question the undisputed opinion of the medical evaluators in this regard. Thus, the Court accepts this testimony and recommends the findings urged by counsel. The Court also cannot give substantial weight to the Defendant's testimony as to his psychological condition, or his desire to go to trial, as he is obviously not a trained evaluator. Further, his testimony as to the certainty of his exoneration, and the

---

[1] As discussed in the 2014 briefs and opinions, the Defendant's expert, Dr. Julie Rand Dorney, originally concluded in her written opinion that the Defendant was competent but then changed that opinion at the hearing, to state that the Defendant was incompetent. The Government's expert concluded that Defendant was competent.

irrationality and rigidity with which he has elevated the importance of certain details, is (as explained by the evaluators) a sign of the Defendant's inability to rationally understand and assist in his defense.

Accordingly, I recommend that the Defendant be found incompetent to stand trial and not restorable, and that the case proceed under the procedures of 18 U.S.C. § 4246.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that Defendant be declared **NOT COMPETENT TO STAND TRIAL AND NOT RESTORABLE** and that the Defendant be **COMMITTED** to the custody of the Attorney General for transport to and hospitalization at FMC Butner, or another appropriate Federal Medical Center, so that the Director of the facility can determine whether a formal certification should issue under 18 U.S.C. § 4246.

**IT IS SO RECOMMENDED** this 21st day of February, 2019.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE